IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WESLEY DAVID TODD**                                                                 **PETITIONER**

**v.**                                  **CIVIL ACTION NO.: 3:21-cv-256-KHJ-MTP**

**WARDEN S. REISER**                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Wesley David Todd's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be denied.

### BACKGROUND

Petitioner Todd is serving a 60-month sentence for importing heroin into the United States. *See* [19-1] at 2. At the time he filed his Petition [1], Todd was incarcerated at the Federal Correctional Complex in Yazoo, City Mississippi. Prior to being housed in Mississippi, Todd was incarcerated at the Federal Correctional Complex in Lompoc, California where the subject events took place.

On November 19, 2018, while processing Todd's personal property, an officer at the California facility found a "green leafy substance" within the pages of an address book owned by Todd. *See* [19-3] at 1. The substance tested positive for marijuana. *Id*. at 3. The officer prepared an incident report charging Petitioner with possession of marijuana in violation of the Bureau of Prisons Disciplinary Code 113. *Id.* at 1. The incident report was delivered to Todd on November 19, 2018. *Id*. The matter was investigated and referred to the Unit Disciplinary Committee, and the Committee referred the matter to the Disciplinary Hearing Officer due to the severity of the charge. *Id*.

On November 23, 2018, Petitioner received notice of the disciplinary hearing and was advised of his rights at such a hearing. *See* [19-2] at 2. On December 6, 2018, an Officer Chetwood conducted the disciplinary hearing. *Id*. Chetwood considered Petitioner's statements surrounding the incident, the correctional officer's written report, the photograph of the "green leafy substance" in the address book, the memorandum indicating the results of the narcotics testing, and the personal property record of Petitioner.

Based upon the evidence, the hearing officer found that Petitioner violated Code 113, possession of marijuana. *Id*. The hearing officer found that Todd's statement surrounding the incident was not supported by the evidence. *Id*. Chetwood imposed sanctions, including the disallowance of 41 days of good conduct time, 60 days of disciplinary segregation, 180 days loss of commissary privileges, one year loss of visiting privileges, and a restriction limiting visitors to immediate family only for one-year.

Respondent admits that Todd properly exhausted all available remedies for the claims in his Petition [1]. *See* [19] at 3. On April 14, 2021, Todd filed his Petition [1] for habeas relief challenging the incident report and the disciplinary proceeding in which he was found guilty of the offense. Specifically, Todd challenges the prison disciplinary hearing that resulted in the loss of good time credits and asks that his "custody status" be restored to the level existing prior to the incident.

Todd argues that the marijuana was planted in his address book by staff at the prison in retaliation for grievances that he filed for unrelated events. Todd also claims that he requested but was denied a urinalysis test that would have shown he was innocent and that the drugs were planted. *See* [2] at 2. The Warden has filed his Response [20], and this matter is now ripe for review.

## ANALYSIS

Federal prisoners have a liberty interest in their accumulated good-conduct time, and the disallowance of good time credits, which will result in an inmate's confinement being extended, requires due process. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Supreme Court held that held that due process is satisfied when the inmate receives a finding from an impartial decision maker and is given (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present documentary evidence and testimony from witnesses; (3) assistance at the hearing if needed; and (4) a written statement of the evidence relied on and the reason for the disciplinary action. *Wolff*, 418 U.S. at. 564-70. As set forth below, Petitioner received these protections.

Petitioner was provided more than 24 hours' notice of the charge against him, as the incident report was delivered on November 19, 2018, and the hearing was conducted by an impartial decision maker on December 6, 2018. ([19-2]; [19-3]). Petitioner was allowed an opportunity to present documentary evidence and testimony from witnesses, though none were presented. *Id*. Petitioner was also allowed to have a staff representative during the hearing, though he elected not to do so. Finally, Petitioner was provided a written statement of the evidence relied on and the reason for the disciplinary action. Therefore, Petitioner received the required due process during the December 6, 2018 hearing.

### *Sufficiency of the Evidence*

In addition to challenging whether he received due process, Todd challenges the evidence upon which his guilty finding was based and claims that some undisclosed person at the prison planted the marijuana in his address book. Petitioner claims that the drugs were planted on him

in retaliation for filing grievances and reporting alleged illegal activity that occurred at the prison.

In order for a prison disciplinary decision to pass constitutional muster there must be "some evidence" to show that the inmate committed the offense in question. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. Indeed, even if the evidence is "meager," as long as there is "some evidence" to support the findings of the disciplinary board, its decision must be upheld. *Id*. at 456.

The Fifth Circuit has held that prison officials have "wide latitude in the control and disciplining of inmates" and requires trial courts to strictly scrutinize inmate's claims of retaliation. *Woods v. Smith*, 60 F.3d 1161 at 1166 (5th Cir. 1995). "Mere conclusionary allegations of retaliation" are not enough. *Id*.

Todd asserted the same allegations to the investigator, and his statements were considered during the hearing. *See* [19-2] at 3-4. The hearing officer reviewed the evidence presented including Petitioner's statements, the correctional officer's written report, the photograph of the "green leafy substance" in the address book, the memorandum indicating the results of the narcotics testing, and the personal property record of Petitioner. He found that this evidence had "greater weight" than Petitioner's denial and found Petitioner guilty of possessing marijuana. *Id*. at 4. The officer also found that Petitioner's request for a urinalysis was not relevant, as Petitioner was charged with possession of marijuana, not using it. *Id*. "Determining

4

the believability of the testimony presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). In this case, there was clearly "some evidence" to support the hearing officer's finding. *See Hill*, 472 U.S. at 456. Accordingly, the hearing officer's decision should not be disturbed.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that the Petition for a Writ of Habeas Corpus [1] be denied and that this matter be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 5th day of November, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE