UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WESLEY DAVID TODD                                                          PETITIONER

V.                                         CIVIL ACTION NO. 3:21-CV-256-KHJ-MTP

WARDEN S. REISER                                                            DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Michael T. Parker. [26]. For the reasons stated, the Court adopts this Report's findings and recommendation.

I.      Facts and Procedural History

Petitioner Wesley David Todd is serving a 60-month sentence for importing heroin into the United States. [26] at 1. When Todd petitioned for writ of habeas corpus [1], he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. *Id.* Prior to that, Todd was incarcerated at the Federal Correctional Complex in Lompoc, California. *Id.*

On November 19, 2018, an officer at the California facility found a "green leafy substance" within the pages of Todd's address book while processing his personal property. *Id.* The substance tested positive for marijuana. *Id.* The officer prepared an incident report, which charged Todd with possession of marijuana in violation of the Bureau of Prisons Disciplinary Code 113. *Id.* Todd received the report on November 19, 2018. *Id.*

Four days later, Todd received notice of a disciplinary hearing before the Disciplinary Hearing Officer ("DHO"). *Id.* at 2. The notice advised him of his rights at the hearing. *Id.* The hearing occurred the following month. *Id.* After considering Todd's statements surrounding the incident, the officer's incident report, a photograph of the "green leafy substance" in the address book, the memorandum revealing the results of the narcotics testing, and Todd's personal property record, the DHO found that Todd violated Code 113 for possession of marijuana. *Id.* The DHO also imposed sanctions. *Id.*

Todd filed his petition for habeas relief [1], challenging the incident report and the disciplinary hearing for violations of the Fifth Amendment. *Id.* Todd argued that a staff member at the California prison planted the marijuana in his address book in retaliation for grievance he filed for unrelated events. *Id.* Todd further argued that he requested but was denied a urinalysis test, which would have shown the drugs were planted. *Id.*

The Magistrate Judge first found Todd received due process. *Id.* at 3. As discussed in the Report, Todd had more than 24 hours' notice of the charge against him as he received the report on November 19, 2018 and had his hearing on December 6, 2018. *Id.* (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–70 (1974)). Todd had a chance to present documentary evidence and testimony from witnesses as well as the right to have a staff representative during the hearing, all of which he elected to not do. *Id.* Lastly, Todd possessed a written statement of the evidence

considered and the reason for the disciplinary action. *Id*. The Magistrate Judge therefore concluded the December 6, 2018 hearing comported with due process. *Id*.

The Magistrate Judge also declined disturbing the DHO's decision. *Id*. at 5. The DHO found that the evidence presented—Todd's allegations that an undisclosed person at the prison planted the marijuana in his address book, the incident report, the photograph of the "green leafy substance" in the address book, the results of the narcotics testing, and Todd's personal property record—had a "greater weight" than Todd's denial of possessing the marijuana, and ultimately concluded Todd was guilty of violating Code 113. *Id*. at 4. The DHO also found that Todd's request for a urinalysis was not relevant because Todd faced charges of marijuana possession, not consumption. *Id*. Based on this, the Magistrate found that there was clearly "some evidence" to support the DHO's finding. *Id*. at 5 (citing *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (for a prisoner disciplinary decision to pass constitutional muster, there must be "some evidence" to show that the inmate committed the offense).

The Magistrate Judge recommended denying Todd's Petition for Writ of Habeas Corpus [1] and dismissal with prejudice. *Id*. at 5. Written objections to the Report were due by November 19, 2021. Todd filed his Objections [27] on November 17, 2021.

II. Standard

The Court reviews de novo the portions of the Magistrate's Report to which Todd objects, 28 U.S.C. § 636(b)(1), while the remaining portions are subject to a

"clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)). The Court need not consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles*, 677 F.2d at 410 n.8). Further, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

III. Analysis

The Court construes that Todd raises two objections to the Magistrate's Report. First, Todd argues that every aspect of the entire process was without due process, including the initial investigation. [27] ¶ 1. Federal prisoners have a liberty interest in their accumulated good time credits. *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Revocation of good time credits must comport with minimal procedural requirements. *Id*. Due process is satisfied when an inmate receives a finding from an impartial decision maker and is given (1) written notice of the charge at least 24 hours before the hearing; (2) written statement by the factfinder as to the evidence relied on and the reasons for the disciplinary action; (3) the ability to call witnesses and present documentary evidence; and (4) assistance at the hearing if needed. *Wolff*, 418 U.S. at 564-70. After review of the record, the

Court agrees with the Magistrate's finding that Todd was afforded due process. The Court therefore adopts this part of the Report.

Second, Todd argues a violation of due process as outlined in his reply brief [20] to Defendant Warden S. Reiser's response to the petition for habeas relief. *Id.* ¶ 2. Specifically, Todd argues that his brief details the events leading "to the officers planting drugs in [his] property." *Id.* "The requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board" to show that the inmate committed the offense. *Hill*, 472 U.S. at 456. After review of the record, the Court also agrees with the Magistrate's finding that the DHO's decision satisfied due process requirements. The Court therefore adopts this finding from the Report. The Court therefore finds that the Report and Recommendation should be adopted, and the Petition for Writ of Habeas Corpus [1] is denied and this matter is dismissed with prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [26] of United States Magistrate Judge Michael T. Parker, entered in this cause should be, and the same is, adopted as the finding of this Court. A separate Final Judgment will issue this day.

SO ORDERED, this the 30th day of November, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE